UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESORO REFINING AND MARKETING COMPANY,<br><br>                            Plaintiff,<br><br>  vs.<br><br>CALIFORNIA FINEST OIL, et al.,<br><br>                            Defendant. | CASE NO. 12-cv-1312-GPC-WVG<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S WRIT OF ATTACHMENT AND RIGHT TO ATTACH ORDER AGAINST DEFENDANT CALIFORNIA FINEST OIL** |

      Pending before the Court is Plaintiff Tesoro Refining and Marketing Company's application for writ of attachment and right to attach order against Defendant California Finest Oil. For the following reasons, the Court **DENIES** Plaintiff's motion without prejudice.

### BACKGROUND

      Plaintiff Tesoro Refining and Marketing Company ("Tesoro") is a Delaware corporation, with its principal place of business in Texas. Through its network of retail stations, Tesoro sells gasoline and diesel fuel to over 275 Shell-branded stations located in Southern California. (Dkt. No. 1.) Defendant California Finest Oil ("California Finest Oil") is a California corporation, and operates a retail fuel station located in San Diego, California (the "Station"). (Id.) Defendants Raad Attish, Hossom Theweny, and Nazar Theweny are individuals residing in California. Mr. Attish is the President of California Finest Oil. (Dkt. No. 9, Ex. A, "Retail Sales Agreement.")

      On or about November 15, 2009, California Finest Oil entered into a Retail Sales

Agreement ("RSA") with Tesoro with respect to the purchase and sale of Shell-branded gasoline. (Id.) Under the terms of the agreement, California Finest Oil agreed to purchase from Tesoro a monthly minimum quantity of Shell-branded gasoline and diesel fuel and maintain the Station in accordance with Tesoro's specifications.(Id.)  The RSA also authorized California Finest Oil to utilize the Shell trademarks and trade dress in conjunction with the sale of Tesoro's Shell-branded gasoline or diesel fuel.  Plaintiff Tesoro alleges that Defendant California Finest Oil repudiated the RSA on or about March 22, 2012 by sending an email notice to Tesoro stating that California Finest Oil would terminate the RSA.  In a letter dated April 2, 2012, Tesoro notified California Finest Oil that it was in default of the terms of the RSA, and requested that it cure the default. According to Tesoro, California Finest Oil ceased ordering and selling Tesoro's fuel and continued to sell unbranded fuel under the Shell trademarks at the Station.  California Finest Oil allegedly failed to cure the default, thereby terminating the RSA seven years before the end of the contract.

On May 31, 2012, Tesoro filed suit in this Court.  Tesoro asserts six causes of action against Defendants: (1) breach of contract, (2) breach of guaranty, (3) unfair competition and false advertising, (4) infringement of common law trademark rights, (5) federal trade dress infringement, (6) federal unfair competition and false advertising. (Dkt. No. 1.)   On July 31, 2012, California Finest Oil and other Defendants filed an answer to Plaintiff's complaint, along with a counterclaim for intentional interference with prospective economic advantage and unfair competition under California Business and Professions Code. (Dkt. No. 7.)

On August 17, 2012, Tesoro filed an application for writ of attachment based on the grounds that Tesoro will "likely recover damages arising from California Finest Oil's premature termination and breach of the RSA, for the balance of the originally contracted term of the RSA, and reasonable attorneys' fees and costs incurred in recovering these damages." (Dkt. No. 9.)  The prejudgment writ seeks to attach at a minimum of $265,000 for breach of contract, and uses a sworn declaration by Tesoro's general manager as the primary evidence to support the writ.(Id.)  In its opposition briefing, California Finest Oil claims that Tesoro's evidence in support of the application is inadmissible, failure to show sufficient evidence, and failure to mediate the dispute prior to filing the present lawsuit. (Dkt. No. 11.)

**Legal Standard**

Under Fed. R. Civ. P. 64, state law provides all remedies when property is to be seized for the purpose of securing satisfaction of a judgment, unless a federal statute governs. The effect of Rule 64 is to incorporate state law to determine the availability of prejudgment remedies for the seizure of property to secure satisfaction of a judgment ultimately entered. Granny Goose Foods, Inc. V. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Co., 415 U.S. 423, 436 n.10 (1974). Attachment is a prejudgment remedy that allows a creditor to have a lien on the debtor's assets until final adjudication of the claim sued upon. The creditor must follow statutory guidelines in applying for the attachment and establish a prima facie claim; and the court is required to make a preliminary determination of the merits of the dispute. Lorber Industries of Calif. v. Turbulence, Inc. 175 Cal. App. 3d 532, 535 (Ct. App. 1985) (internal citation omitted). The applicant bears the burden of proving each element by a preponderance of the evidence. Bank of America v. Salinas Nissan, Inc. 207 Cal. App. 3d 260 (Ct. App. 1989).

The California attachment law is subject to strict construction. Epstein v. Abrams, 57 Cal. App. 4th 1159, 1167-68 (Cal. App. 1997). The Court must find: (1) the claim is one on which an attachment may be issued; (2) the plaintiff has established the probable validity of the claim upon which the attachment is based; (3) the attachment is not sought for any other purpose than to secure recovery on the claim; and (4) the amount to be secured by the attachment is greater than zero. Cal. Civ. Proc. Code §484.090. All property within California held by a corporation is subject to attachment if there is a statutory method of levy for the property. Cal. Civ. Proc. Code §487.010(a). It is in the discretion of the court to allow for the pretrial attachment of estimated amount of costs and allowable attorney's fees. Cal. Civ. Proc. Code §482.110.

**Discussion**

As an initial matter, prejudgment attachment may be issued only if the claim sued upon is (1) for money based upon a contract express or implied; (2) of a fixed or readily ascertainable amount not less than $500; (3) either unsecured or secured by personal property, not real property; and (4) commercial in nature. Cal. Civ. Proc. Code §484.010. Here, Plaintiff's claim arises out of the alleged breach of the Retail Sales Agreement ("RSA"), which is an express and commercial

1  contract for the purchase and sale of fuel.  (See Dkt. No. 9., Ex. A, "Retail Sales Agreement.")
2  The terms of the RSA provide a readily ascertainable amount of damages greater than $500. (Id.)
3  Plaintiff requests $265,281.20 in damages, plus interest, and attorneys costs and fees.  This amount
4  is based upon the liquidated damages clause in the RSA.  (Dkt. No. 9, Ex. A.)  Stephen A.
5  Brommer, general manager of Tesoro, calculates the liquidated damages formula based on the
6  purchase and sale history between the parties and the contract termination date of March 22, 2012.
7  (Id.) ("The difference between the total Minimum Quantity of 14,160,000 gallons required to be
8  purchased by Defendant over the term of the RSA...and the 3,716,752 gallons in volume of
9  Products purchased by Defendant from Plaintiff during the term of the RSA prior to termination, as
10 specified, is 10,611,248 gallons...th[is] difference [sic] must be multiplied by $0.025 per gallon to
11 obtain the principal amount of liquidated damages in this case, which is $265,281.20.)  According
12 to the terms of the RSA, Plaintiff further requests interest accruing at a rate of 15% per annum, as
13 well as attorneys' fees and costs. (Id.)  Plaintiff estimates it will likely incur $150,000 in necessary
14 and reasonable attorneys' fees and costs incurred in enforcing the terms of the agreement. (Id. at 5.
15 See also Dkt. No. 9, Trajan Perez Declaration.)  Furthermore, Defendant is a corporation, with
16 property that can be levied pursuant to statutorily defined methods.  Given Plaintiff's clearly
17 defined claim, the Court finds that Plaintiff satisfies the first predicate for issuing a right to attach
18 order.

19      As a threshold matter, the Court is unable to grant Plaintiff's writ of attachment for failure
20 to provide admissible evidence to establish the probable validity of the claim upon which
21 attachment is based.  In an application for writ of attachment, California law seeks the submission
22 of affidavits to accompany the application, and requires that the facts stated in each affidavit "be
23 set forth with particularity...and that the affiant, if sworn as a witness, can testify competently to
24 the facts stated therein." Cal. Civ. Proc. Code §482.040.  "At a minimum, this means that the
25 affiant or declarant must show actual, personal knowledge of the relevant facts, rather than the
26 ultimate facts commonly found in pleadings, and such evidence must be admissible and not
27 objectionable." Pos-A-Traction, Inc. v. Kelly-Springfield Tire Co., 112 F.Supp.2d 1182
28 (C.D.Cal.2000).  Here, Mr. Brommer's declaration fails to show actual knowledge of relevant

facts. Although Mr. Brommer generally states that he has personal knowledge of the facts, he fails to substantiate his competence regarding the terms of the contract, the circumstances surrounding the alleged breach of contract, or even the general terms of the business relationship between Tesoro and California Finest Oil. Additionally, Mr. Brommer's declaration spends much effort assessing the provisions of the liquidated damages clause of the contract. Not only does Mr. Brommer fail properly authenticate the contract, he fails to provide any evidence to support the conclusion that California Finest Oil purchased 10,611,248 gallons of fuel from Tesoro. The amount Tesoro seeks to attach hinges on proving that California Finest Oil both purchased fuel from Tesoro, and additionally that Tesoro ceased purchasing fuel, resulting in a breach of contract. As such, Mr. Brommer's declaration fails to set forth with sufficient particularity the claim which Tesoro seeks to prove.

Furthermore, the evidence Tesoro relies upon constitutes hearsay and therefore is inadmissible. All documentary evidence, including contracts and canceled checks, must be presented in admissible form, generally requiring proper identification and authentication, and admissibility as nonhearsay evidence or under one or more of the exceptions to the hearsay rule, such as the business records exception. Id. at 1183 (citing Ahart, *California Practice Guide: Enforcing Judgments and Debts*, ¶¶ 4:145–4:156 (1998 rev)). Regarding authentication, evidence should be presented to prove the genuineness of the signatures or a declaration from the custodian of records laying a foundation for the admissibility. Cal. Evid.Code §§ 1400- 1421; Fed.R.Evid. 901 902. As stated above, Mr. Brommer failed to properly authenticate the documents. As an additional hurdle, the contract, emails and letters attached to Mr. Brommer's declaration seek to prove the truth of the matter asserted, constituting hearsay within the meaning of the Federal Rules of Evidence. Fed.R.Evid. 803. The admissibility of the documents therefore rely upon one of the exceptions to the hearsay rule. Not only does Mr. Brommers declaration fail to properly authenticate the documents, but his testimony also fails to lay the proper foundation for admissibility under the business records exception to the hearsay rule. The Court therefore finds Tesoro's evidence inadmissible.

Accordingly, the Court hereby **DENIES WITHOUT PREJUDICE** Plaintiff Tesoro's

1 application for right to attach order against Defendant California Finest Oil.  The Court grants
2 Plaintiff ten days within the issuance of this order to refile it's motion and provide additional,
3 properly authenticated and admissible evidence to support it's application for writ of attachment.
4 Upon refiling the motion, the Court will take the matter under submission without a hearing.
5 **SO ORDERED**.

7 DATED:  February 4, 2013

_____
HON. GONZALO P. CURIEL
United States District Judge