UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESORO REFINING AND MARKETING COMPANY,<br><br>   Plaintiff,<br>v.<br>CALIFORNIA FINEST OIL, *et al*.,<br><br>   Defendants. | Civil No. 12-CV-1312-GPC (WVG)<br><br>ORDER DENYING PARTIES' JOINT MOTION/STIPULATION TO EXTEND DISCOVERY CUT-OFF AND RELATED PRETRIAL DEADLINES<br><br>[DOC. NO. 30] |

Pending before the Court is the parties' Joint Motion/Stipulation to Extend Discovery Cut-Off and Related Pretrial Deadlines. (Doc. No. 30.) The parties request that the Court extend the discovery cut-off and pretrial dates by sixty days to allow the parties to complete discovery in order to evaluate this case for settlement and prepare for trial. Id. at 2. For the reasons set forth below, the Joint Motion is DENIED.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 16 provides a <u>stringent</u> standard whereby the party who seeks to amend the Court's scheduling order must show "good cause" why the Court should set aside or extend a discovery deadline. See Fed. R. Civ. P. 16(b)(4) (emphasis added). Under Rule 16(b)'s good cause standard, the Court's primary focus is on the movant's diligence in seeking the amendment. <u>Johnson v. Mammoth Recreations</u>, 975 F.2d 604, 609 (9th Cir. 1992). "Good cause" exists if a party can prove that the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Id. (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "If the party seeking modification was not diligent in his or her pretrial preparations, the inquiry should end there and the measure of relief sought

from the Court should not be granted." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

## II. PARTIES HAVE NOT MET THEIR BURDEN TO SHOW "GOOD CAUSE"

According to this Court's Chambers Rules, the Joint Motion requesting an extension of the discovery schedule, "shall include a declaration from counsel of record detailing the steps taken to comply with the dates and deadlines set in the order, and the specific reasons why deadlines cannot be met." (Judge Gallo's Chambers Rules, Rule III) (emphasis added). The instant Joint Motion lacks both a showing of good cause and any effort to convince the Court that the parties have acted diligently, as required by Rule 16. Fed. R. Civ. P. 16(b)(4). The Joint Motion did not include any record detailing steps taken to comply with the dates and deadlines set in the Scheduling Order.

While the Court appreciates that the parties have worked together to form a consensus on an amended time frame for discovery dates, the parties must understand that the Court makes the ultimate determination about the schedule. The Court does not find good cause to extend the dates in this case. The unavailability of Plaintiff's counsel for two weeks in February, 2013, is not explained nor justified. Further, the fact and expert discovery deadlines do not expire for more than two and six months, respectively. The Court is at a loss to understand how Plaintiff's counsel's unavailability for two weeks necessitates a sixty day extension at this time of all discovery and pretrial deadlines. The Court is not inclined to continue dates issued in its Scheduling Order without good cause, or the required showing of due diligence to justify the extension of discovery dates. Therefore, the Court exercises its discretion to adhere to the dates provided in the November 20, 2012, Scheduling Order. (Doc. No. 20.)

## IV. CONCLUSION

For the reasons outlined above, this Court hereby DENIES the parties' Joint Motion to Extend Discovery Cut-Off and Related Pretrial Deadlines. (Doc. No. 30.) The parties shall adhere to the dates set forth in this Court's November 20, 2012, Scheduling Order. (Doc. No. 20.)

//

//

//

1  IT IS SO ORDERED.

2
   DATED:  February 6, 2013
3

4

5

6

7  Hon. William V. Gallo
   U.S. Magistrate Judge