UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESORO REFINING AND MARKETING COMPANY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CALIFORNIA FINEST OIL, a California corporation, RAAD ATTISHA, an individual, HOSSOM THEWENY, an individual, NAZAR THEWENY, an individual, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants.<br><br>AND RELATED CROSS-ACTIONS. | Case No. 3:12-cv-1312-GPC-WVG<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO FILE UNDER SEAL**<br><br>(DKT. NO. 70) |

On September 26, 2013, Plaintiff filed a motion for summary judgment as to Defendant California Finest Oil's counterclaim. (Dkt. No. 72.) Along with the motion for summary judgment, Plaintiff filed a motion to file two declarations and attached exhibits under seal. (Dkt. No. 70.) In the motion to file under seal, Plaintiff asserts these documents should be filed under seal because they contain information and documents designated as "Confidential" pursuant to the stipulated protective order entered into by the parties on December 14, 2012, (Dkt. No. 25), and approved by Judge Gallo on December 19, 2012, (Dkt. No. 26). Plaintiff further asserts that three

exhibits contain Plaintiff's confidential internal, proprietary business and financial information. (Dkt. No. 70 at 3.)

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Communs., Inc., 435 U.S. 589, 597 (1978)). Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. Id. at 1178-79; cf. id. at 1179-80 (contrasting the "compelling reasons" standard with the lower "good cause" standard applied to motions to seal documents submitted in support of non-dispositive motions). Plaintiff has not set forth such compelling reasons to justify sealing the documents set forth in the motion to file under seal. See Kamakana, 447 F.3d at 1179. Because the documents Plaintiff seeks to seal are in support of a dispositive motion, the fact that the documents were marked or deemed "Confidential" by the parties does not, by itself, satisfy the "compelling reasons" standard as to the specific pieces of information that Plaintiff wants sealed. See id. at 1183-84; see also Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1134-38 (9th Cir. 2003).

For the foregoing reasons, Plaintiff's motion to file under seal, (Dkt. No. 70), is **DENIED WITHOUT PREJUDICE**. Plaintiff shall have until **January 22, 2014**, to file a motion to seal that sets forth the compelling reasons for sealing the specific pieces of information that Plaintiff seeks to seal. The documents currently lodged under seal at Dkt. No. 71-1 through 71-7 may remain so lodged until the Court decides Plaintiff's forthcoming motion to seal.

**IT IS SO ORDERED.**

DATED: January 16, 2014

HON. GONZALO P. CURIEL
United States District Judge